UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DEREK RENE EDMONDS                                                                    PETITIONER

v.                                                          CIVIL ACTION NO. 3:15-CV-00859-CRS

WARDEN AARON SMITH                                                                    RESPONDENT

## MEMORANDUM OPINION

I.   Introduction

Petitioner Derek Rene Edmonds petitions for writ of habeas corpus, ECF No. 1. Respondent Warden Aaron Smith answered in opposition, ECF No. 15. The magistrate judge made findings of fact, conclusions of law, and a recommendation ("report and recommendation"), ECF No. 21. Edmonds objects to the report and recommendation, ECF No. 23. The Warden did not respond.

For the reasons below, the Court will adopt the magistrate judge's report and recommendation in full. The Court will deny Edmonds' petition for a writ of habeas corpus. The Court will deny Edmonds a certificate of appealability.

II.  Magistrate Judge's Factual Findings

Edmonds petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. 1, ECF No. 1. He challenges his state court conviction for the 2004 robbery, sodomy, and murder of Clifton Agnew. R. & R. 1, ECF No. 21. The jury found that Edmonds and his younger brother, Dwayne Edmonds, and Tyreese Hall found Agnew sleeping in an alley behind the Salvation Army in

Louisville, Kentucky.[1] *Id.* The evidence produced at trial showed that the three men robbed Agnew. *Id.* Then Edmonds and Hall kicked, punched, and stabbed him. *Id.* They hit him in the head with a crockpot. *Id.* Then they repeatedly impaled him on a 27-inch long wooden stick, which punctured his rectum and left lung. *Id.* Agnew never regained consciousness and died nearly eight weeks later from his injuries. *Id.*

Edmonds denied all the charges. *Id.* The jury convicted Hall and Edmonds for murder, first-degree robbery, and first-degree sodomy. *Id.* at 1–2. Edmonds was sentenced to life without the possibility of parole or probation for murder, 20 years for first-degree robbery, and a corrected sentence of life for first-degree sodomy, following appeal. *Id.* at 2.

Edmonds and Hall appealed directly to the Supreme Court of Kentucky. *Id.* Their convictions were affirmed, although the court altered Edmonds' sentence for first-degree sodomy. *Id.* Hall petitioned for a writ of habeas corpus under 28 U.S.C. § 2254. *Id.* In 2012, the District Court for the Western District of Kentucky denied Hall's petition. *Id.* The Sixth Circuit affirmed the denial. *Id.* Edmonds moved in the Jefferson County, Kentucky Circuit Court to vacate his judgment. *Edmonds v. Commonwealth*, No. 2013-CA-001467-MR, 2015 WL 865440, at *1 (Ky. Ct. App. Feb. 27, 2015). The Jefferson Circuit Court denied his motion. *Id.* In 2015, the Court of Appeals of Kentucky affirmed that denial. *Id.* at *3. The Supreme Court of Kentucky denied Edmonds' motion for discretionary review later that year. *Id.* Edmonds brought the instant petition in November of 2015. Pet. 1, ECF No. 1.

---

[1] Dwayne Edmonds pled guilty to one count of second-degree robbery and was sentenced to eight years of imprisonment. R. & R. 2 n.1, ECF No. 21. All references to Edmonds, unless otherwise designated, are to Derek Rene Edmonds.

### III. Magistrate Judge's Conclusions of Law and Recommendation

Edmonds raises eight constitutional claims in his petition. First, he argues that the state trial court violated his due process rights when it limited each defendant to a jury voir dire of two minutes per prospective juror, prohibited defense counsel from asking leading questions, and prohibited defense counsel from asking questions related to specific types of mitigation. Pet. 12–14, ECF No. 1. Second, he argues that the trial court violated the same constitutional rights during jury selection when it failed to grant his "for cause" challenges to certain jurors and when all African-American jurors were struck from the jury. *Id.* at 15–18. Third, Edmonds argues that the trial court violated the same constitutional rights when it permitted a prosecution witness, Kaye Thomas, to testify during the guilt phase about her observations of the comatose victim and the outpouring of public support for him. *Id.* at 19–22. Fourth, he argues that the trial court violated the same constitutional rights when it instructed the jury not to consider an eye-witness identification of Hall that failed to identify Edmonds at the crime scene. *Id.* at 23–24. Fifth, Edmonds argues that the trial court violated the same constitutional rights and his First Amendment right to freedom of religion when it refused to allow his defense counsel to compare Edmonds to Jesus Christ at the crucifixion or to contrast Edmonds with more notorious criminals like Jack the Ripper, Jeffrey Dahmer, or John Wayne Gacy. *Id.* at 25–27. Sixth, Edmonds argues that the trial court violated his due process rights when it denied him full access to Hall's psychiatric records. *Id.* at 28–30. Seventh, Edmonds argues that the trial court violated the same constitutional rights when it failed to find him mentally incompetent to stand trial and also apparently told Edmonds that he could not testify in his own defense. *Id.* at 31–33. Eighth, Edmonds argues that both his trial and appellate attorneys repeatedly rendered ineffective assistance. *Id.* at 34.

The magistrate judge concluded that Edmonds' first four grounds for relief are precluded by the "law of the case" doctrine because they were raised by Hall in his petition for a writ of habeas corpus. R. & R. 3, ECF No. 21. As to the other grounds, the magistrate judge concluded that they were either reasonably rejected on their merits in the state courts or were procedurally defaulted. *Id.* at 4. Accordingly, the magistrate judge recommended that Edmonds' petition be denied and that he be denied a certificate of appealability. *Id.*

Edmonds objects to the magistrate judge's report and recommendation. Obj. R. & R., ECF No. 23. This Court "must determine de novo any proposed finding or recommendation to which objection is made." Rule 8 of the Rules Governing § 2254 Cases. This Court "may accept, reject, or modify any proposed finding or recommendation." *Id.* The Court has conducted a de novo review of the issues discussed in Edmonds' petition, the Warden's response in opposition, the magistrate judge's report and recommendation, and Edmonds' objections. The Court finds that the magistrate judge has conducted a thorough analysis in his 67-page report and recommendation. For the purpose of clarity, the Court will not rehash every conclusion that the magistrate judge made. The Court will, however, address specific arguments that Edmonds made in his objection.

First, Edmonds objects to the magistrate judge's reliance on the outcome of Hall's petition for a writ of habeas corpus in dismissing the first four grounds of Edmonds' petition. Obj. R. & R. 1–3, ECF No. 23. Edmonds argues that his petition is distinguishable from Hall's petition because Hall pleaded guilty in his criminal trial. *Id.* Edmonds is mistaken. Hall did not plead guilty. Rather, he agreed to testify in exchange for a guarantee that the state would not pursue a sentence of "life without the possibility of parole." R. & R. 7, ECF No. 21; App. 165–66, ECF No. 15-1. Thus, Edmonds' petition is not wholly distinguishable from Hall's petition.

4

As the magistrate judge concluded, the "law of the case" doctrine applies and Edmonds is precluded from obtaining relief on the first four grounds of his petition. The Court will overrule this objection.

Second, Edmonds objects to the magistrate judge's conclusion on Edmonds' fifth ground for relief. Obj. R. & R. 3, ECF No. 23. Edmonds appears to argue that his counsel should have been permitted to contrast Edmonds with Jack the Ripper, Jeffrey Dahmer, and John Wayne Gacy to rebut the prosecution's case. *Id.* This argument is no different than what Edmonds has argued before. As the magistrate judge pointed out, the trial judge enjoys broad discretion over the manner and content of closing argument. R. & R. 35, ECF No. 21 (citing *Herring v. New York*, 422 U.S. 853, 862 (1975)). Edmonds fails to show that fair-minded jurists could not reasonably debate that the decision of the state court here was contrary to or an unreasonable interpretation of *Herring*, as is required to obtain a writ of habeas corpus. *See Harrington v. Richter*, 562 U.S. 86, 100 (2011). As such, the Court will overrule this objection.

Third, Edmonds appears to object to the magistrate judge's conclusion on Edmonds' sixth ground for relief. Obj. R. & R. 3–4, ECF No. 23. Edmonds argues that he should have been permitted to impeach Hall's testimony using Hall's psychiatric records. *Id.* He argues that these records were material and exculpatory and that he is entitled to relief under *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* To establish a *Brady* violation, Edmonds must show "that the Government suppressed evidence, that such evidence was favorable to the defense, and that the suppressed evidence was material." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (citing *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000)). In this case, Hall's psychiatric records were not suppressed by the government. Rather, Edmonds knew of the existence of these

records, but the trial court refused to grant Edmonds' pre-trial motion to obtain the records. R. & R. 40, ECF No. 21. Thus, *Brady* is inapplicable and Edmonds' third objection will be overruled.

Fourth, Edmonds objects to the magistrate judge's conclusion on Edmonds' eighth ground for relief. Obj. R. & R. 4–5, ECF No. 23. Edmonds argues that he can overcome procedural default on his ineffective assistance of counsel claim based on *Brizendine v. Parker*, 644 F. App'x 588 (6th Cir. 2016). *Id. Brizendine* stands for the principle that "when a state's procedural framework 'makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal,'" procedural default may be excused if (1) the petitioner's post-conviction counsel was ineffective and (2) "his underlying claims alleging ineffective assistance of trial counsel are 'substantial,' 'which is to say that … [they have] some merit.'" *Brizendine*, 644 F. App'x at 592 (citations omitted).

Edmonds fails to meet this standard. As noted by the magistrate judge, many of Edmonds' arguments for ineffective assistance have been reasonably rejected by the state courts. R. & R. 60–64, ECF No. 21. Those arguments lack merit. The arguments that Edmonds did not present to the state court also lack merit because they appear as a "mere list of headings without any significant development of the facts or legal argument." *Id.* at 63. These generic and conclusory allegations fail to raise a meritorious argument of ineffective assistance. *See Wogenstahl v. Mitchell*, 68 F.3d 307, 335 (6th Cir. 2012). Accordingly, the Court will overrule Edmonds' objection to the magistrate judge's conclusion on Edmonds' eighth ground for relief.

The Court will overrule all of Edmonds' objections and will adopt the magistrate judge's report and recommendation in full. The Court will deny Edmonds' petition for a writ of habeas corpus.

## IV. Certificate of Appealability

Before Edmonds may appeal this Court's decision, he must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). Certificates of appealability are only available "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). The question is whether "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The magistrate judge found that his conclusion and the conclusions of the state courts could not be reasonably debated. R. & R. 66, ECF No. 21. On de novo review, this Court finds that reasonable jurists would not find this assessment of Edmonds' petition to be debatable or wrong. Generally, Edmonds has merely reiterated the very arguments that have been rejected by the state courts on his direct appeal or by the federal courts on Hall's petition for writ of habeas corpus. Those questions from Hall's petition that were close enough to be appealable have already been considered and rejected by the Sixth Circuit. *See Hall v. Beckstrom*, 563 F. App'x 338 (6th Cir. 2014). The remainder of Edmonds' arguments lack merit and altogether fail to meet the stringent habeas corpus standard required by *Harrington*, 562 U.S. at 100. Therefore, the Court will deny a certificate of appealability to Edmonds on his petition for a writ of habeas corpus.

## V. Conclusion

The Court will adopt the magistrate judge's report and recommendation in full. The Court will deny Edmonds' petition for writ of habeas corpus. The Court will deny Edmonds a

certificate of appealability. The Court will issue an order in accordance with this memorandum opinion.

August 8, 2017

Charles R. Simpson III, Senior Judge
United States District Court