UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DEREK RENE EDMONDS                                                                    Petitioner

v.                                                                    Civil Action No. 3:15-cv-859-RGJ

CRAIG HUGHES, WARDEN                                                                    Respondent

**MEMORANDUM OPINION AND ORDER**

Petitioner Derek Rene Edmonds ("Edmonds") objects by counsel [DE 87] to Magistrate Judge Edward's ("Magistrate Judge") Findings of Fact, Conclusions of Law, and Recommendation [DE 83 ("R&R")] denying Edmonds' § 2254 petition and certificate of appealability. The Respondent, Craig Hughes,[1] the Warden ("Warden"), did not respond to the objections. The Warden also objected to the R&R [DE 86], and Edmonds did not respond. After objecting to the R&R, Edmonds also filed a Notice of Supplemental Authority [DE 88] and the Warden responded [DE 89]. These matters are ripe. For the reasons below, the Court **GRANTS** Edmonds' Objections [DE 87], **DENIES** the Warden's Objections [DE 86], and **REJECTS** the R&R [DE 83].

**I.     BACKGROUND**

The convictions for which Edmonds seeks relief arise from a fatal attack on Clifton Agnew ("Agnew"), a homeless man, in the early morning hours of April 6, 2004, with co-defendant Tyreese Hall ("Hall"). Edmonds and Hall appealed their convictions to the Kentucky Supreme Court. In their separate appellate briefs, both Edmonds and Hall challenged the humanizing/victim-impact testimony presented at trial by Kaye Thomas ("Thomas") and the hearsay testimony of eyewitness Larry Milligan ("Milligan"), among other claims *Edmonds v.*

---

[1] Craig Hughes was substituted for Aaron Smith after the parties filed their objections. [DE 91 at 1630].

1

*Commonwealth*, No. 2007-SC-000350-MR, 2009 WL 4263142, at *2–6 (Ky. Nov. 25, 2009) (hereinafter *Edmonds I*). The Kentucky Supreme Court affirmed their convictions in a divided opinion.[2] *Id.* at *19.

Edmonds and Hall filed separate post-conviction motions. Hall filed his federal habeas petition, pursuant to 28 U.S.C. § 2254, on July 19, 2011. *Hall v. Beckstrom*, 3:11-CV-00404-JGH, DE 1, (W.D. Ky. July 19, 2011). The assigned magistrate judge recommended that Hall's petition be denied with prejudice, and the district judge adopted this recommendation in full. *Id.* at DE 14; DE 18. *See also Hall v. Beckstrom*, 3:11-CV-00404-JGH, 2012 WL 4483816 (W.D. Ky. Sept. 28, 2012). The district judge later granted a certificate of appealability on five of Hall's claims. *Id.* at DE 23 (Jan. 3, 2013). The Sixth Circuit affirmed the district court's denial of Hall's habeas petition. *Hall v. Beckstrom*, 563 F. App'x 338 (6th Cir. Apr. 15, 2014).

Edmonds, in the meantime, filed a state post-conviction motion under Kentucky Rule of Criminal Procedure ("RCr") 11.42. [DE 15-1, at 595–603]. The trial court summarily denied Edmonds' motion [*id.* at 622–23], and the Kentucky Court of Appeals affirmed. *See Edmonds v. Commonwealth*, No. 2013-CA-001467-MR, 2015 WL 865440 (Ky. Ct. App. Feb. 27, 2015) (hereinafter *Edmonds II*). The Kentucky Supreme Court declined to entertain discretionary review of Edmonds' motion. [DE 15-1, at 696]. Edmonds did not seek certiorari at the United States Supreme Court.

Edmonds filed his 28 U.S.C. § 2254 federal habeas petition on November 30, 2015, asserting eight constitutional claims. [DE 1]. Relevant here are Edmonds' first four claims, asserting his due process rights were violated: (1) when the trial court limited *voir dire*; (2) when

---

[2] The Kentucky Supreme Court remanded for the limited purpose of entry of an amended judgment for Edmonds' sentence for first-degree sodomy because he received a life sentence rather than a sentence of life without parole. *Edmonds I*, 2009 WL 4263142, at *19.

2

it failed to strike certain jurors for cause; (3) when it allowed prejudicial guilt-phase victim testimony from Thomas; and (4) when it instructed the jury not to consider Larry Milligan's eyewitness testimony, which failed to identify Edmonds. [*Id.*]. The assigned magistrate judge recommended that Edmonds' petition be denied and specifically found Edmonds' first four claims were precluded by "law of the case doctrine." [DE 21]. Over Edmonds' objections, the district judge adopted the magistrate judge's recommendation in full and denied Edmonds a certificate of appealability. [DE 25].

The Sixth Circuit granted a certificate of appealability on several of Edmonds' claims, including his four due process claims, and appointed Edmonds counsel. [DE 36]. The Sixth Circuit reversed the district court's denial of habeas relief, holding that "the law-of-the-case doctrine does not apply across separate habeas actions brought independently by petitioners who were codefendants in the underlying criminal proceeding." *Edmonds v. Smith*, 922 F.3d 737, 740 (6th Cir. 2019) (hereinafter *Edmonds III*). The decision in Hall's habeas proceeding, therefore, could not be used to preclude relief in Edmonds' case. *Id.*

The Sixth Circuit's Opinion instructed the district court on remand to "obtain the entire state record and assess [Edmonds'] claims on the merits." *Id.* at 741. The appellate court also addressed the proper standard of review for each of Edmonds' claims on remand, directing the district court to apply Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Sta. 1214 (1996) ("AEDPA") deferential review to Edmonds' *voir dire* and for-cause-strike claims, to apply de novo review to his claim regarding the exclusion of eyewitness testimony, and to determine in the first instance which standard of review applies to his victim-impact-testimony claim. *Id.*

3

The District Judge appointed Edmonds counsel and set a briefing schedule. [DE 42; DE 65]. Edmonds' brief in support of his petition only addresses his eyewitness testimony and victim impact testimony claims. [DE 67]. He asserted that both claims are subject to de novo review. [DE 67]. The Warden's response brief asserted, for the first time during this five-year habeas action, that Edmonds' claims must be dismissed because he did not exhaust them in his direct appeal to the Kentucky Supreme Court. [DE 72 at 1334]. If not dismissed for failure to exhaust, the Warden submitted that Edmonds' victim-impact-testimony claim should be reviewed under the AEDPA's deferential standard. [*Id.* at 1337].

Pursuant to this Court's referral order, the Magistrate Judge issued an R&R on Edmonds'§ 2254 petition. [DE 83]. The R&R recommended dismissing the Petition and that the Court deny a Certificate of Appealability. [*Id.* at 1489]. The Magistrate Judge found that Edmonds waived his *voir dire* and for-cause-strike claims because he failed to address them and failed to object the Warden's assertion that he abandoned these claims. [*Id.* at 1460]. The Magistrate Judge also found that the AEDPA's deferential standard of review applied to Edmonds' victim-impact testimony claim [*id.* at 1470], and—as directed by the Sixth Circuit—analyzed Edmonds' claim regarding the exclusion of Milligan's testimony de novo [*id.* at 1480]. Edmonds and the Warden timely objected to the R&R. [DE 86; DE 87]. The Court now considers the R&R and Edmonds' and the Warden's objections.

## II.   STANDARD

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine

de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court need not review under a de novo or any other standard those aspects of the report and recommendation to which no specific objection is made and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–50, 155 (1985).

### III. DISCUSSION

Edmonds, through counsel, raised four objections to the R&R: (1) the Magistrate Judge failed to assess Edmonds' Petition based on the entire trial record, (2) the Magistrate Judge's denial of relief based on Edmonds' victim-impact testimony claim, (3) the Magistrate Judge's denial of relief on Edmonds' exculpatory eyewitness exclusion claim, and (4) the Magistrate Judge's denial of a certificate of appealability ("COA"). [DE 87]. The Warden objected to the R&R based on a failure to include certain facts included in the record by the Kentucky Supreme Court. [DE 86 at 1499].

#### A. Review of the Trial Record

Edmonds argues that, at a minimum, the Court should reject the R&R and return his claims to the Magistrate Judge for full review based on the entirety of the state court record. [DE 87 at 1526–33]. Edmonds contends that the Magistrate Judge's failure to review the full record resulted in factual omissions and legal errors. [*Id.* at 1526].

In support of his argument, Edmonds relies on the Sixth Circuit's decision in *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003). In *Adams*, the petition for writ of habeas corpus alleged that Adams' Confrontation Clause rights were violated by the admission of his co-defendant's hearsay testimony during trial. *Id.* at 400. The district court found that Adams had not exhausted his Confrontation Clause claim because he failed to include it in his state supreme

5

court application for permission to appeal. *Id.* The Sixth Circuit reversed and held that Adams had exhausted his federal claim. *Id.* at 402. Adams requested to amend the record on appeal because the district court did not review the portion of the trial transcript which covered closing arguments. *Id.* at 405. The Sixth Circuit held that "a District Court must make a review of the entire state court trial transcript in habeas cases, and where substantial portions of that transcript were omitted before the District Court, a habeas case should be remanded to the District Court for consideration in light of the full record." *Id.* at 406.

The Sixth Circuit remanded this case with instructions "to obtain the entire state court record and assess those claims on the merits." *Edmonds III*, 922 F.3d at 740. Without an analysis of the underlying criminal proceeding, the Sixth Circuit could not assess Edmonds' claims. *See id.* Although the Sixth Circuit did not analyze *Adams* in *Edmonds III*, the Sixth Circuit has applied *Adams* to reverse district courts that fail to review evidence-based habeas claims in light of the "entire record of the evidence presented at trial." *Jeffries v. Morgan*, 522 F.3d 640, 644–45 (6th Cir. 2008) ("Having found that the district court committed reversible error by not reviewing the entire trial record during its review of Jeffries' habeas petition, we need not reach the other issues raised on appeal."). District courts have, likewise, relied on *Adams* to reject recommendations from a magistrate judge. *See, e.g.*, *Durham v. Piazza*, No. 07-cv-4338, 2009 WL 2902275, at *4 (E.D. Pa. Sept. 9, 2009).

In the R&R, the Magistrate Judge conducted a thorough review of the facts articulated by the Kentucky Supreme Court. [DE 83 at 1455–60]. The Magistrate Judge notes that the Kentucky Supreme Court provided the facts relevant to Edmonds' victim-impact testimony claim. [*Id.* at 1470]. The R&R then includes an analysis of Thomas' testimony as it was recounted by the Kentucky Supreme Court. [*Id.* at 1470–72 (citing *Edmonds I*, 2009 WL 4263142, at *2–4)].

Similarly, the R&R summarizes the facts articulated by the Kentucky Supreme Court as they relate to Milligan and Edmonds' exculpatory eyewitness exclusion claim. [*Id.* at 1480–81 (citing *Edmonds I*, 2009 WL 4263142, at *6)].

Despite the Magistrate Judge's thorough analysis of the record provided by the Kentucky Supreme Court, the R&R does not include an analysis of the entire state court records as directed by the Sixth Circuit. *See Edmonds III*, 922 F.3d at 740. The Warden provided the Court and Edmonds the entire state court record, which included: (1) DVDs of the entire trial, (2) DVDs of all pretrial hearings, (3) a CD containing copies of the entire trial record filed in the Kentucky Supreme Court, and (4) a CD of PowerPoint presentations. [DE 38]. Edmonds' briefs have included a thorough analysis of the record with detailed citations to the record to assist the Court. [DE 67; DE 76; DE 87].

The Court does not approve and adopt the Magistrate Judge's R&R regarding Edmonds' claims based on prejudicial guilt-phase victim testimony from Thomas and his claim based on Milligan's eyewitness testimony because those recommendations are not based on a review of the entire state court record. The Sixth Circuit directed the Court to assess these claims based on the entire state court record. *See Edmonds III*, 922 F.3d at 740. Moreover, failing to assess the entire state court record as applicable would run afoul of *Adams* and its progeny. Accordingly, the Court sustains Edmonds' objections and rejects the R&R as stated in this Section. The case is remanded to the Magistrate Judge for an amended report and recommendation based on a review of the state court record.

### B. Provisional Approval of Parts of the R&R

Despite the above ruling on Edmonds' objection, the Court has reviewed the R&R and provisionally approves certain recommendations regarding Edmonds' *voir dire* and for-cause-

strike claims. The Magistrate Judge found that Edmonds waived these claims because he failed to address them and failed to object the Warden's assertion that he abandoned these claims. [DE 83 at 1460]. Edmonds did not object to these recommendations. [DE 87]. This approval is subject to the findings of fact and conclusions of law in the Magistrate Judge's revised recommendations. If the Magistrate Judge concludes that these recommendations require revision, then the Court will reconsider its preliminary approval.

### III. CONCLUSION

Accordingly, for the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that

1) Edmonds' Objection [DE 87] is **GRANTED** to the extent that Edmonds challenges the incompleteness of the state court record reviewed by the Magistrate Judge;

2) The Warden's Objection [DE 86] is **DENIED** with leave to reinstate; and

3) The R&R is **REJECTED** and **REMANDED** to the Magistrate Judge to make findings of fact in light of the entire state court record and amend any recommendations accordingly.

*Rebecca Grady Jennings, District Judge*
*United States District Court*

May 23, 2023

cc: Counsel of Record